UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Abiel Cabrera Castellon (A-Number: 232-476-715),<br>Petitioner,<br>v.<br>Christopher Chestnut,<br>Respondent. | No. 1:26-cv-07999-KES-HBK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE<br><br>Doc. 1 |

Petitioner Abiel Cabrera Castellon is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The court has previously addressed the legal issues raised by claim one of the petition. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025). The court ordered respondent to show cause as to whether there are any factual or legal issues in this case that distinguish it from the court's prior orders and that would justify denying the petition. Doc. 5.

Respondent argues that petitioner's detention is mandatory under "8 U.S.C. § 1225(b)(2), as petitioner is an arriving alien who entered at a port of entry." Doc. 6 at 1. But this Court has previously held that when a noncitizen has been paroled into the United States and is subsequently re-detained, due process requires a bond hearing where the government bears the

burden of proving that the noncitizen is a flight risk or danger to the community. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025). As respondents do not distinguish these cases, the court finds that petitioner's re-detention without a bond hearing violates due process.

In this case, the bond hearing should have been provided before petitioner was detained. "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971)); *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("Applying [the *Mathews*] test, the Court usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty . . . ."). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–37 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondent does not establish any urgent circumstances in this case.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to release petitioner Abiel Cabrera Castellon (A-Number: 232-476-715) immediately. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless respondent demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.[1]

Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of Court is directed to close this case, terminate any pending motions as moot, and enter judgment for petitioner. The Clerk is also directed to serve California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: November 8, 2026

UNITED STATES DISTRICT JUDGE